UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE OF LOUISIANA, ET AL.<br>ON BEHALF OF INSURED(S)/ASSIGNOR(S)/<br>SUBROGOR(S): DANIEL BURLETT | Civil Action No.: 13-03361 |
| | SECTION: "S" (2) |
| VERSUS | JUDGE: LEMMON |
| AMERICAN NATIONAL PROPERTY AND<br>CASUALTY COMPANY, AMERICAN NATIONAL<br>GENERAL INSURANCE COMPANY AND ANPAC<br>LOUISIANA INSURANCE COMPANY | MAGISTRATE: WILKINSON |

**PLAINTIFF'S REPLY/OPPOSITION BRIEF TO DEFENDANTS' MEMORANDUM IN SUPPORT OF FEDERAL SUBJECT MATTER JURISDICTON AND OBJECTON TO REMAND FOR SEVERED ACTIONS**

**MAY IT PLEASE THE COURT:**

As explained in more detail throughout Plaintiff's Reply/Opposition Brief, contrary to Defendants' Memorandum in Support of Federal Subject Matter Jurisdiction and Objection to Remand for Severed Actions, neither the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1441 (a) and (b) and 1453 nor any statute or rule vests this court with subject matter jurisdiction. For this reason, the above captioned matter should be remanded to the Civil District Court for the Parish of Orleans.

**INTRODUCTION**

As a result of Hurricanes Katrina and Rita, thousands of residences were destroyed by wind or windstorms. Due to the extensive damage caused by these Hurricanes, the State developed and implemented The Road Home Program. In order to receive funds under The Road Home Program, the State required the insured(s)/assignor(s)/subrogor(s) to execute a subrogation agreement called The Road Home Limited Subrogation/Assignment Agreement. Pursuant to the agreement, the State of Louisiana was subrogated to the claims(s) and right(s) of the insured(s)/assignor(s)/subrogor(s) against the defendant insurers for amounts due under the

1

All Risk Policy which obligated defendants to cover the loss of or damage to the residence of insured(s)/assignor(s)/subrogor(s) caused by wind or windstorms. The agreement provided the State of Louisiana with the right to bring a direct action against the defendant insurer of the residence for the total amount of funds paid to the insured(s)/assignor(s)/subrogor(s) by the State of Louisiana through The Road Home Program which should have been otherwise paid by the defendant insurers under the terms of the insurance policy or policies. On August 23, 2007, Plaintiff filed "The State of Louisiana's Class Action Petition for Damages and Declaratory and Injunctive Relief" (the "Road Home litigation" or "*Road Home*") in the Civil District Court for the Parish of Orleans, Case No. 07-8970. This original petition included the claims of over one hundred thousand recipients/potential recipients against over one hundred (100) defendant insurers. On August 29, 2007, Plaintiff filed "The State of Louisiana's First Amended and Restated Class Action Petition for Damages and Declaratory and Injunctive Relief" in the Civil District Court for the Parish of Orleans. This amended petition included the original and additional claims of recipients/potential recipients against over two hundred (200) defendant insurers. On September 11, 2007, Defendants, Allstate Insurance Company, Allstate Indemnity Company, Encompass Indemnity Company, Encompass Insurance Company of America, and Encompass Property and Casualty Company filed a Notice of Removal under CAFA, 28 U.S.C. § 1332, 28 U.S.C. § 1441 (a) and (b), and 28 U.S.C. § 1453. Pursuant to this Notice of Removal, the case originally filed in the Civil District Court for the Parish of Orleans was removed to the United States District Court, Eastern District of Louisiana. Plaintiff dismissed all class action allegations by Motion and Order issued by the Court *nunc pro tunc* on April 9, 2012, retroactive to December 3, 2010. *See* (R. Doc. 289, Case No. 07-5528, "Motion to Dismiss Class Allegations *Nunc Pro Tunc*" and R. Doc. 292, Case No. 07-5528, "Order").

The Court gave defendants numerous opportunities to settle the Road Home litigation with plaintiff. On April 22, 2013, United States Magistrate Judge Joseph C. Wilkinson, Jr. signed a Severance Order (R. Doc. 453, Case No. 07-5528) ("Severance Order"). The Court determined that after numerous settlement conferences, that all settlement efforts "have been exhausted in this case, without significant progress" and ordered "that the court-conducted settlement process concerning the above-listed insurer defendants is terminated." Magistrate Judge Wilkinson also found that the causes of action and parties to be misjoined when he ordered among other things "that all assignment/subrogation claims asserted by plaintiffs on behalf of all alleged Road Home grant recipients/insureds against the defendants listed [in the Order] are hereby SEVERED and DECONSOLIDATED from the captioned case, Civil Action No. 07-5528 "J"(2), so that they may proceed to resolution independently as" outlined in the Severance Order. This was ordered to accomplish the mandate of the United States Court of Appeals for the Fifth Circuit and the Louisiana Supreme Court who determined that the critical issue of the validity of the assignment/subrogation rights upon which Plaintiff through its Road Home program bases its action "must be evaluated on a policy by policy basis." In re Katrina Canal Breaches Litig. v. Anpac La. Ins. Co., 645 F.3d 703 (5th Cir. 2011) (quoting In re Katrina Canal Breaches Litig., No. 2010-CQ-1823, 63 So.3d 955, 2011 WL 1774330, at *1 (La.May10, 2011)). Pursuant to this determination, Magistrate Judge Wilkinson ordered "that, no later than **May 31, 2013**, plaintiffs' counsel must file a separate amended complaint asserting whatever rights the State has obtained from a particularly identified individual insured/assignor/subrogor concerning the relevant specific insurance policy claims against the appropriate above-listed defendant only." Before Plaintiff began filing individual amended complaints pursuant to the Severance Order, Plaintiff settled with all of the defendants listed in the original and amended petitions who

3

had not been dismissed, with the one exception being ANPAC. In fact, Plaintiff dismissed and/or settled one hundred and twenty thousand (120,000) claims. The only remaining claims are the one thousand five hundred and four (1,504) claims against the ANPAC defendants (American National Property and Casualty Company, American National General Insurance Company and ANPAC Louisiana Insurance Company), the only remaining defendants in the Road Home litigation. On or before May 31, 2013 pursuant to said Order, Plaintiff filed one thousand five hundred and four (1,504) amended complaints, with each complaint being for particularly identified insured(s)/assignor(s)/subrogor(s). Defendants were ordered to show cause why this matter should not be remanded for lack of subject matter jurisdiction.

As shown below, the Court does not have federal subject matter jurisdiction over the above-captioned matter under CAFA, 28 U.S.C. §§ 1332(d), 1441 (a) and (b) or 1453.

## LAW AND ARGUMENT

### A. The Court Lacks Original Subject Matter Jurisdiction Under CAFA Due to the Mass Misjoinder of Parties and Causes of Action

Defendants' allege that jurisdiction is determined at the time of filing or removal. While there are exceptions to this general rule (discussed below at Section C), regardless of when jurisdiction is determined, the Eastern District of Louisiana never possessed federal subject matter jurisdiction of the Road Home litigation under CAFA due to the mass misjoinder of parties and actions in the original and amended petition.

Following the August 23, 2007 initial filing of the Road Home litigation, certain defendants removed this matter under CAFA on September 11, 2007. Based on this removal, Defendants now allege that: (1) federal subject matter jurisdiction continues to exist over this case pursuant to CAFA's grant of federal question jurisdiction, 1441 (a) and (b) and 1453; (2)

4

CAFA jurisdiction existed at the time of removal; and (3) CAFA jurisdiction is mandatory and non-discretionary.

When the original and amended petitions were filed, the State of Louisiana misjoined parties and causes of action. The State of Louisiana in its original and amended petition joined multiple different causes of action involving multiple different insureds/assignors/subrogors, residences, defendant insurers, and policies.

In each severed action, the determination of liability on the part of each defendant insurer is separate and independent from any other defendant insurer, and requires the Court to review a unique set of facts. For this reason, individual petitions setting forth individual causes of action was and is necessary. In fact, the severance order in this case provides that "the critical issue of the validity of the assignment/subrogation rights upon which the State of Louisiana through its Road Home program bases this action 'must be evaluated on a policy by policy basis.'" *In re Katrina Canal Breaches Litig. v. Anpac La. Ins. Co.*, 645 F.3d 703 (5th Cir. 2011) (quoting *In re Katrina Canal Breaches Litig.*, No. 2010-CQ-1823, 63 So.3d 955, 2011 WL 1774330, at *1 (La. 5/10/11)). Fundamentally, but for the mass misjoinder of parties and causes of action in the original and amended petitions, the defendants would not be entitled to removal under CAFA.

**B.     Improperly Plead Facts Cannot Form the Basis of Subject Matter Jurisdiction**

Courts have declined subject matter jurisdiction where facts originally plead are found to be inaccurate. In *St. Charles Property Ass'n v. Certain Underwriters at Lloyd's London*, 2009 WL 3232034 (E.D.La. 10/2/09), Judge Berrigan ruled that the court lacked diversity jurisdiction where a complaint alleged complete diversity, and later-introduced evidence contradicted complete diversity. 2009 WL 3232034, at *4. Analogously, the original and amended *Road Home* petitions make allegations of joinder of causes and actions, which were subsequently

5

found to be misjoinders. The mass misjoinder formed the basis of jurisdiction under CAFA permitting removal. Just like the court in *St. Charles Property Ass'n* who declined to extend jurisdiction upon finding that evidence superseded the facts plead in the plaintiff's complaint, so to should this court decline to find jurisdiction on the basis of the mass misjoinder. Additionally, the Eastern District of Louisiana in many severed Katrina matter cases where the amended complaint alleged complete diversity looked at later-introduced evidence which contradicted complete diversity based on the amount in controversy and because of this ruled that the court lacked subject matter jurisdiction.[1]

But for the mass misjoinder, there is no federal subject matter jurisdiction in this case. Therefore, the Court did not at the time of removal—and still does not—have subject matter jurisdiction over this matter. In light of the absence of subject matter jurisdiction, remand of this case is appropriate. *See* 28 U.S.C. § 1447(c) (stating: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### C. The Individual Severed Cases Lack Subject Matter Jurisdiction Under CAFA

Plaintiffs' contend that this Court lacked original federal subject matter jurisdiction under CAFA at the time of filing or removal. However, even if this Court determines that CAFA provided subject matter jurisdiction at the time of removal, rulings from the Fifth Circuit Court of Appeal and several district courts support the contention that federal subject matter jurisdiction for the individual severed cases is determined at the time of severance. *See Honeywell International Inc. v. Phillips Petroleum Co.*, 415 F.3d 429, 431-432 (5th Cir. 2005).

---

[1] *See Johnson v. American Security Ins. Co.*, 2010 WL 2680583 (E.D.La. June 30, 2010); *Minor v. American Security Ins. Co.*, 2010 WL 2680576 (E.D.La. June 30, 2010), *Scott v. American Security Ins. Co.*, 2010 WL 2680584 (E.D.La. June 30, 2010), *Duvernay v. American Security Ins. Co.*, 2010 WL 2674588 (E.D.La. June 30, 2010), and *Cooley v. American Security Ins. Co.*, 2010 WL 2680586 (E.D.La. June 30, 2010).

6

As of the time of severance, this case does not provide subject matter jurisdiction, and remand is appropriate.

According to the United States Court of Appeals, Fifth Circuit, "[i]n assessing whether the district court had subject matter jurisdiction, we generally look to the time at which the action commenced." *Honeywell International Inc.*, 415 F.3d 429, 431-432 (citing *Carney v. Resolution Trust Corp.*, 19 F.3d 950, 954 (5th Cir. 1994). "However, a severed action must have an independent jurisdictional basis." *Id.* (citing *United States v. O'Neil*, 709 F.2d 361, 375 (5th Cir. 1983).[2] The existence of subject matter jurisdiction is determined at the point at which the action was severed. *Honeywell International Inc. v. Phillips Petroleum Co.*, 415 F.3d 429, 432 (5th Cir. 2005).[3]

In *Bowman v. American Security Ins. Co.*, 2011 WL 163601 (E.D.La. January 19, 2011), Judge Lemelle ruled that the "Plaintiff cannot rely on the court's jurisdiction over the previous class actions as a basis for subject matter jurisdiction in her individual claim." The plaintiff had argued that the court had subject matter jurisdiction because the "action was severed from a class action to which the court had jurisdiction pursuant to the Class Action Fairness Act ('CAFA'), 28 U.S.C. § 1332 (d)." The *Bowman* case was severed from *Adams v. American Security Ins. Co.*, Civ. Act. No. 09-2609.[4] The Severance Order in *Bowman* required plaintiffs "to file individual amended complaints against the proper individual insurer defendants by a stated

---

[2] *See also Gilmore v. American Security Ins. Co.*, 2010 WL 4923990 (E.D.La. November 29, 2010); *Edinburgh v. American Security Ins. Co.*, 2010 WL 3923292 (E.D.La. September 28, 2010); *Lewis v. American Security Ins. Co.*, 2010 WL 4923996 (E.D.La. November 29, 2010); *Wiltz v. American Security Ins. Co.*, 2010 WL 4668355 (E.D.La. November 9, 2010).

[3] *See also Gilmore v. American Security Ins. Co.*, 2010 WL 4923990 (E.D.La. November 29, 2010); *Edinburgh v. American Security Ins. Co.*, 2010 WL 3923292 (E.D.La. September 28, 2010); *Lewis v. American Security Ins. Co.*, 2010 WL 4923996 (E.D.La. November 29, 2010); *Wiltz v. American Security Ins. Co.*, 2010 WL 4668355 (E.D.La. November 9, 2010).

[4] *Adams v. American Security Ins. Co.* itself was previously severed from two class action/mass joinder matters, *Abadie v. Aegis Security Ins. Co.*, Civ. Act. No. 06-5164 (*Abadie I*) and *Abadie v. Aegis Security Ins. Co.*, Civ. Act. No. 07-5112 (*Abadie II*), both of which were previously consolidated into the levee breach litigation, *In re Katrina Canal Breaches Consolidated Litigation*, Civ. Act. No. 05-4182."

deadline." When the complaint was filed, it was "assigned a new title and docket number, and was randomly allotted." *Id.* "[T]he class action aspects of *Abadie I* and *Abadie II* were dismissed with prejudice pursuant to the Order of Severance..." *Id.* "Neither the *Adams* case...nor Plaintiff's Amended Complaint contain[ed] class allegations so as to form the basis for jurisdiction in this severed action." *Id.*

In *Johnson v. American Security Ins. Co.*, 2010 WL 2680583 (E.D.La. June 30, 2010), Judge Berrigan rejected the argument CAFA provides jurisdiction over severed Hurricane Katrina claims.[5] According to Judge Berrigan "no class relevant to the instant claims ha[d] ever been recognized under CAFA or otherwise in the history of the expanded litigation from which these claims were severed." Judge Berrigan continued, "[a]ny class action ha[d] been dismissed, and 'a severed action must have an independent jurisdictional basis.'" *Johnson v. American Security Ins. Co.*, 2010 WL 2680583 (E.D.La. June 30, 2010) at *1.

Like the *Bowman* and *Johnson* cases discusses above, in the case before this Court and at the time the Severance Order was issued, no class had ever been recognized under CAFA or otherwise in the history of this expanded litigation. Defendants therefore cannot rely on the court's jurisdiction over the previous class action allegations in the original or amending petitions in the Road Home litigation. The *Road Home* litigation, from which this case was severed, dismissed all class action allegations by Motion and Order issued by the Court *nunc pro tunc* on April 9, 2012, dismissing those allegations as of December 3, 2010. *See* (R. Doc. 289, Case No. 07-5528, "Motion to Dismiss Class Allegations *Nunc Pro Tunc*", Rec. Doc. 292, Case No. 07-5528, "Order" and (R. Doc. 453, Case No. 07-5528, "Severance Order").

---

[5] *See also Minor v. American Security Ins. Co.*, 2010 WL 2680576 (E.D.La. June 30, 2010), *Scott v. American Security Ins. Co.*, 2010 WL 2680584 (E.D.La. June 30, 2010), *Duvernay v. American Security Ins. Co.*, 2010 WL 2674588 (E.D.La. June 30, 2010), and *Cooley v. American Security Ins. Co.*, 2010 WL 2680586 (E.D.La. June 30, 2010).

In *Gilmore v. American Security Ins. Co.*, 2010 WL 4923990 (E.D.La. November 29, 2010), *Edinburgh v. American Security Ins. Co.*, 2010 WL 3923292 (E.D.La. September 28, 2010), *Lewis v. American Security Ins. Co.*, 2010 WL 4923996 (E.D.La. November 29, 2010), and *Wiltz v. American Security Ins. Co.*, 2010 WL 4668355 (E.D.La. November 9, 2010) Plaintiff urged the Court "to look to the time when [plaintiff] originally brought [plantiff's] claim…to determine whether the [] action satisfie[d]" jurisdictional requirements. Plaintiff contended "that the subsequent severance of [plaintiff's] claims ha[d] no impact on the jurisdictional inquiry." Based on the United States Court of Appeals, Fifth Circuit's ruling discussed above, Judge Fallon ruled in each of the above cases that Plaintiff's contention was incorrect.[6] Likewise, Defendants' contentions in this case that federal subject matter jurisdiction continues to exist and that the severance order has no impact on the jurisdictional inquiry is incorrect.

In *Thomas v. American Nat. Property Ins. Co.*, 2011 WL 2945790 (E.D.La. July 19, 2011) at *4, the Court rejected the argument that "eight Plaintiffs satisf[ied] CAFA's requirements by virtue of being involved in a separate class action suit." The Court rejected this argument because "a new civil action is involved, over which this Court requires its own subject matter jurisdiction." *Id.* at *4. Like *Thomas*, this case involves a new civil action under a new caption and docket number requiring an independent basis for subject matter jurisdiction. Subject matter jurisdiction for severed claims is determined at the time of severance, and this claim lacked subject matter jurisdiction at the time of severance.

---

[6] *See Gilmore v. American Security Ins. Co.*, 2010 WL 4923990 (E.D.La. November 29, 2010), *Edinburgh v. American Security Ins. Co.*, 2010 WL 3923292 (E.D.La. September 28, 2010), *Lewis v. American Security Ins. Co.*, 2010 WL 4923996 (E.D.La. November 29, 2010), and *Wiltz v. American Security Ins. Co.*, 2010 WL 4668355 (E.D.La. November 9, 2010).

At the time this case was severed, the Court did not have subject matter jurisdiction over this matter. The Severance Order, coupled with the dictates of the Fifth Circuit in *Honeywell International Inc. v. Phillips Petroleum Co.*, implicitly require that each amended complaint filed pursuant to the Order would need to have an independent jurisdictional basis. In furtherance of establishing an independent jurisdictional basis, the Severance Order required each individual complaint severed from the *Road Home* case: (1) "assert[] whatever rights the State has obtained from a particularly identified individual insured/assignor/subrogor concerning the relevant specific insurance policy claims against the appropriate above-listed defendant only"; (2) that "[t]he caption of the Amended Complaint shall contain only the plaintiff(s) on behalf of the particular insured/assignor/subrogor and the particular defendant insurer which are properly the subject of those specific insurance claims and policy"; (3) that "[a]ll pleadings regarding those claims shall thereafter bear the new title, docket number and section of the new case"; and (4) "[a]ny claims not timely brought before the court by amended complaint as ordered herein will be deemed dismissed without further notice." The Severance Order makes no mention of preserving federal subject matter jurisdiction under CAFA over each new case initiated by the filing of the amended complaint.

Defendants argue "that federal subject matter jurisdiction continues to exist over this case under" CAFA, 28 U.S.C. §§ 1332(d), 1441 (a) and (b) and 1453. However, based on the Fifth Circuit's ruling in *Honeywell International Inc. v. Phillips Petroleum Co.*, at the time the above-captioned matter was severed, the Court did not have subject matter jurisdiction because (1) all underlying class allegations in the *Road Home* parent litigation had been dismissed, and (2) this claim requires an independent basis for subject matter jurisdiction.

### D. This Claim Cannot Support Diversity Jurisdiction Due to Insufficient Amount in Controversy

Defendants further cannot show cause to prevent remand because this individual severed claim does not meet the requirements for diversity jurisdiction. As evident from the face of the pleadings, the amount in controversy for this individual, severed claim is less than $75,000.

### E. This Matter Should be Remanded for Lack of Subject Matter Jurisdiction

Contrary to Defendants' allegations that the only remedy for lack of subject matter jurisdiction is dismissal, this matter should be remanded to the Civil District Court for the Parish of Orleans. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See* 28 U.S.C. § 1447(c).

Defendants' cite *International Carrier-Call & Television Corp. v. Radio Corp. of America*, 50 F.Supp. 759 (S.D.N.Y. 1943) for their dismissal contention. In that case the Court states, "The action was commenced in this court. Since there was no removal from the state court there can be no remand to that court." *Id.* However, the facts of the Road Home litigation are totally different: (1) the Road Home litigation was filed in the Civil District Court for the Parish of Orleans; (2) the Road Home litigation was removed to federal court due to the mass misjoinder of parties and actions in the original and amended petitions; (3) but for the mass misjoinder, there was no federal subject matter jurisdiction and the Road Home litigation would not have been removed to federal court; and (4) the supplemental and amended complaints were only filed in federal court pursuant to the Severance Order of Magistrate Judge Wilkinson. (R. Doc. 453, Case No. 07-5528) ("Severance Order"). For the reasons explained throughout this brief, this matter should be remanded to the Civil District Court for the Parish of Orleans.

11

## CONCLUSION

The Court did not have federal subject matter jurisdiction over this case at the time of filing or at the time of removal based on the mass misjoinder of parties and causes of action. Furthermore, the Court did not have federal subject matter jurisdiction over this cause when the Severance Order was issued on April 22, 2013. Because the class allegations were dismissed as of December 3, 2010, and the State filed amended complaints on behalf of each individual insured/assignor/subrogor without reference to a class action and/or mass joinder of plaintiffs and defendants (other than to delete any reference to them), subject matter jurisdiction does not exist over this case.

Due to the facts and the case law cited above, the claims filed on behalf of the insured/assignor/subrogor do not satisfy all of the requirements under CAFA for federal subject matter jurisdiction, nor do they satisfy the requirements for diversity jurisdiction—specifically, there is an insufficient amount in controversy in this case.

However, even if this court does not find that the mass misjoinder of parties and claims deprives the Eastern District of Louisiana of original federal subject matter jurisdiction, Judge Lemelle's ruling in *Bowman* further supports the alternative argument that the Defendants in this case "cannot rely on the court's jurisdiction over the previous class actions as a basis for subject matter jurisdiction" when determining jurisdiction over severed claims. *Bowman v. American Security Ins. Co.*, 2011 WL 163601 (E.D.La. January 19, 2011) at *2. Due to the absence of subject matter jurisdiction in this case, this matter should be remanded to the Civil District Court for the Parish of Orleans.

Respectfully submitted:

/s/ Joseph M. Bruno
Joseph M. Bruno, (LA Bar No. 3604)
Bruno & Bruno, LLP
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above Brief has been served upon all counsel of record by electronic notice via the Court's CM/ECF system this 11th day of July, 2013.

/s/ Joseph M. Bruno