UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE OF LOUISIANA, ET AL. ON BEHALF OF INSURED(S) / ASSIGNOR(S) / SUBROGOR(S): **DANIEL BURLETT**  Plaintiff  VERSUS  AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, AMERICAN NATIONAL GENERAL INSURANCE COMPANY AND ANPAC LOUISIANA INSURANCE COMPANY,  Defendants | CIVIL ACTION NO.:  13-3361  SECTION: "S"(2)  JUDGE:  LEMMON  MAGISTRATE:  WILKINSON |

**REPLY TO PLAINTIFF'S REPLY/OPPOSITION BRIEF TO DEENDANTS' MEMORANDUM IN SUPPORT OF FEDERAL SUBJECT MATTER JURISDICTION AND OBJECTION TO REMAND FOR SEVERED ACTIONS**

**MAY IT PLEASE THE COURT:**

Plaintiff has two incorrect statements in its *Reply/Opposition Brief to Defendants' Memorandum in Support of Federal Subject Matter Jurisdiction*. These two mistakes are brought to the attention of this Honorable Court for proper review of this jurisdiction issue.

First, plaintiff states that "…regardless of when jurisdiction is determined, the Eastern District of Louisiana never possessed federal subject matter jurisdiction of the Road Home litigation under CAFA due to the mass misjoinder of parties and actions in the original and amended petition." (Rec. Doc. 6 at p. 4.) The U.S. Fifth Circuit disagrees with plaintiff's assertion. On April 11, 2008, the U.S. Fifth Circuit affirmed the decision of the district court denying remand, confirmed federal subject matter jurisdiction under CAFA, and held that the

Road Home lawsuit was properly removed to federal court. *In Re Katrina Canal Litigation Breaches*, 524 F.3d at 705-06.

 Secondly, plaintiff cites *Gilmore v. American Security Ins. Co.*, 2010 WL 4923990 (E.D. La. November 29, 2010), *Edinburgh v. American Security Ins. Co.*, 2010 WL 3923292 (E.D. La. September 28, 2010), *Lewis v. American Security Ins. Co.*, 2010 WL 4923996 (E.D. La. November 29, 2010), and *Wiltz v. American Security Ins. Co.*, 2010 WL 4668355 (E.D. La. November 9, 2010), four rulings issued by Judge Fallon in 2010, to suggest that the subsequent severance of a claim impacts a jurisdictional inquiry.  Plaintiff fails to advise this Honorable Court that Judge Fallon, in *Samuel v. Universal Health Services*, 805 F.Supp.2d 284 (E.D. La. August 3, 2011) and *Rivers v. Chalmette Medical Center, Inc.*, 805 F.Supp.2d 291 (E.D. La. August 3, 2011), <u>subsequently</u> noted in two published opinions that the U.S. Fifth Circuit has not addressed what happens following denial of class certification where the basis for federal subject matter jurisdiction is CAFA, but found that a consensus has begun to emerge among the other Circuit Courts:

> The Seventh, Ninth, and Eleventh Circuits have held that a district court retains CAFA jurisdiction over a case after class certification is denied.  …No circuit court of appeals has held that denying class certification divests the district court of CAFA jurisdiction.  In the aftermath of these circuit opinions, the tide at the district court level has shifted decisively in favor of finding jurisdiction post-denial.

*Samuel*, 805 F.Supp.2d at 287; *Rivers*, 805 F.Supp.2d at 294 (citations and footnotes omitted).  Plaintiff's reliance on Judge Fallon's 2010 unpublished opinions is wrong and inappropriate in light of Judge Fallon's 2011 published rulings.  (See, Rec. Doc. 4, *Defendants' Memorandum in Support of Federal Subject Matter Jurisdiction and Objection to Remand for Severed Actions.*)

                  Respectfully submitted,

                  **LARZELERE PICOU WELLS**
                     **SIMPSON LONERO, LLC**
                  Suite 1100 - Two Lakeway Center
                  3850 N. Causeway Boulevard
                  Metairie, LA   70002
                  Telephone:     (504) 834-6500
                  Fax:  (504) 834-6565

**BY:**    */s/ Mary E. Lorenz*
                  **JAY M. LONERO, T.A. (No. 20642)**
                  jlonero@lpwsl.com
                  **CHRISTOPHER R. PENNISON (No. 22584)**
                  cpennison@lpwsl.com
                  **ANGIE ARCENEAUX AKERS (No. 26786)**
                  aakers@lpwsl.com
                  **MARY E. LORENZ (No. 29322)**
                  mlorenz@lpwsl.com

                  **ATTORNEYS FOR AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, AMERICAN NATIONAL GENERAL INSURANCE COMPANY, AND ANPAC LOUISIANA INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of July, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.  I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

                  */s/ Mary E. Lorenz*

3